[Civ. No. 8430. Second Appellate District, Division Two.—July 7, 1934.]

FREDERICK HAIGH, Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Erwin P. Werner and Ray L. Chesebro, City Attorneys, Frederick von Schrader, Assistant City Attorney, and Jerrell Babb and Arthur Loveland, Deputies City Attorney, for Appellant.

Andrew J. Copp, Jr., for Respondent.

SCOTT, J., *pro tem.*—Plaintiff recovered judgment against the City of Los Angeles for damages to his property resulting from a street improvement. The trial court found that the work was fully and finally completed on or about September 21, 1927; that plaintiff made demand upon defendant on October 10, 1927, for payment of damages thereby sustained "in the form and manner provided by the city charter" and that the claim was rejected March 6, 1929, whereupon plaintiff brought suit. The sole question to be determined on this appeal is whether plaintiff made his demand in the manner and within the time as required by the charter of the City of Los Angeles so as to entitle him to institute this action.

Respondent filed his demand against the city with the city council and appellant contends that it should have been filed with the board of public works. An analysis of the provisions of the city charter and of the decisions construing it supports respondent's contention that his claim was filed with the proper body. The charter (art. XXVIII) provides in effect that demands against the city "shall be first presented to and approved in writing by the board, officer or employee authorized by this charter to incur the expenditure represented thereby" (sec. 363), and no suit can be brought until such demand has been presented and rejected; and that such claim for daamges must be presented "within six months after the occurrence from which the damages arose" (sec. 376). Without deeming it necessary to set out at length the provisions of section 37 of the charter, we must conclude that the powers of the city council as therein defined include the acts necessary to incur a liability such as this. The board of public works, on the other hand, has limited powers, as set out in article XXIII of the charter, which provides that it "shall have charge, superintendence and control" of construction, maintenance and improvements of streets (sec. 234) and shall have certain limited functions and powers as enumerated in said article XXIII, which by no reasonable interpretation could be said to include the power to incur the liability for damages such as is sued upon herein.

Appellant relies upon *Spencer* v. *City of Los Angeles*, 180 Cal. 103 [179 Pac. 163], which was an action brought by the city upon certain invalid assessments for a street opening. The assessments in that case had been paid by plaintiff to the board of public works as "collection agent" for the city and, as a matter incidental to the determination of other issues in that case, the court held that the demand required by the charter before plaintiff could bring suit was properly presented to the same board which had collected the money. By having such claims presented first to the board of public works the correctness of the amount which plaintiff claimed he paid could in this manner be checked by the same "collection agent" who had received the money in the first instance. The view expressed in the cited case was not inconsistent with the charter provisions

above set out, since the liability, if any, to refund was incurred at the time and by the performance of the act of collecting the money by the board of public works. Neither the express provisions of the charter nor the obvious intent underlying them would require plaintiff in this case to submit his demand to the board of public works instead of the city council before bringing his action, for the following reasons: That the board could not undertake to pass upon the validity or amount of plaintiff's demand; it would not be warranted in assuming to act as interpreter of the law to determine whether plaintiff was entitled to recover any amount, nor to act as appraiser to determine what that amount might be; nor should it be required to wholly disapprove a claim for damages which reason and experience must indicate had some basis.

Certain other cases in which similar questions have been considered on appeal have been brought to our attention, but the principles upon which they were decided are readily distinguishable from the instant case. *Continental Ins. Co.* v. *City of Los Angeles,* 92 Cal. App. 585 [268 Pac. 920], cited by appellant, was an action to recover the amount of insurance paid by plaintiff for loss by fire alleged to have been caused by negligent construction and maintenance of electric wires in the City of Los Angeles, and the presentation of a demand to the board of public service commissioners was held to be a necessary prerequisite to a suit against either the city or the board. Any liability in that case was incurred by the act or omission of the board of public service commissioners or its servants and not by the city council, and that board was obviously the proper body to which such a claim should have been submitted for consideration before suit was instituted. In *Beeson* v. *City of Los Angeles,* 115 Cal. App. 122 [300 Pac. 993], a ten year old boy was drowned in a water hole while playing in a storm drain, and his mother brought action for damages for his death. It was held that the claim should have been presented to the board of public works and not to the city council. Any liability in that case was incurred by reason of the negligent act or omission of the board in the performance of its duty of maintaining its own sewers and drains, and it could not have been incurred by any act of the city

council. In *Crescent Wharf etc. Co.* v. *City of Los Angeles,* 207 Cal. 430 [278 Pac. 1028], also cited, the demand was not presented to any official or board of the city sooner than two years and eleven months after the claim for money or damages accrued, and that case, therefore, does not assist in the consideration of the question here presented. The liability in this case was incurred by the action of the city council in adopting the ordinance ordering the street improvement work to be done under the Improvement Act of 1911, since the change of grade therein provided constituted damage to respondent's property which entitled him to compensation under article I, section 14, of the Constitution of the state of California. His claim therefor was properly filed with the city council.

Appellant further contends that the demand of plaintiff was not filed within six months following the occurrence from which the damages arose because respondent's property abutted on a portion of the improvement which was completed and accepted in October, 1926, a year before his claim was filed. As above stated, the trial court found that the street improvement work provided for by the ordinance in this case was fully and finally completed on or about the twenty-first day of September, 1927, when it was fully and finally accepted by the board of public works of the City of Los Angeles, and the demand was filed October 10, 1927. No authority is cited by appellant for its suggestion that when part of the improvement had been completed and approved the "occurrence from which the damages arose" will be sufficiently complete to permit a claimant to file his demand. The contrary would seem to be true. The city council in this case treated the improvement as an entirety and included it in a single proceeding, as it had a right to do (*Remillard* v. *Blake etc. Co.,* 169 Cal. 277 [146 Pac. 634, Ann. Cas. 1916D, 451]), and a citizen affected thereby would reasonably be expected, if not required, to adopt the same course. The board of public works, acting for the city, did not consider the work complete until it had so determined for itself and had accepted it, and plaintiff, as a citizen whose right to submit a claim for damages did not arise until the work resulting in the damage had been done, would properly be expected, if not required, to await

its determination of this matter before taking any action to enforce a claim predicated thereon. In fact, if plaintiff had presented his claim before the board of public works had made such a determination that the work was completed, appellant might well have argued that it was premature. While it does not affect the determination of this appeal, it might be added that the record shows that six months prior to this action the plaintiff had made an ineffectual demand by starting an action for damages growing out of this improvement and serving the complaint on the mayor of the city, who in turn transmitted it to the city attorney. The subsequent disposition of that case is not material here, but it must be observed that actual notice was thereby given to the chief executive and attorney of the city that plaintiff sought redress for damages arising out of the street improvement here involved and for which he later made a legal demand.

Plaintiff's claim was presented within the time required by the charter and to the proper body.

The judgment is affirmed.

Craig, Acting P. J., and Desmond, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 30, 1934.