[Civ. No. 9303.  Second Appellate District, Division Two.—April 19, 1935.]

ADAM ROBERTSON et al., Appellants, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Blue & Conroy for Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Albert E. Wheatcroft and G. Ellsworth Meyer, Deputies City Attorney, for Respondents.

SCOTT, J., *pro tem.*—Plaintiffs sued to recover damages alleged to have been sustained in an accident involving an automobile owned by defendant city and driven by defendant Sanderson in the course of his employment as police officer.  Prior to suit claim for such damages had been filed with the council of defendant city and rejected.  At the trial the city objected to the introduction of evidence as against it on the ground that the claim, although timely,

was not filed with the board of police commissioners, and that such filing with said board was required by city charter. Objection was sustained and on judgment being entered for the city this appeal is taken.

■ Section 363 of the charter of the City of Los Angeles provides: ''Every claim and demand against the city (except on certain bonds) . . . shall be first presented to and approved in writing by the board, officer or employee authorized by this charter to incur the expenditure or liability represented thereby.'' Section 376 provides that suit may not be brought on a claim unless it has been so presented and rejected. In this case the claim was properly presented to the city council as a preliminary step before bringing suit.

The interpretation which should be placed upon the sections cited has been considered in a number of cases, including *Musto-Keenan Co.* v. *City of Los Angeles*, 139 Cal. App. 506 [34 Pac. (2d) 506], and *Haigh* v. *City of Los Angeles*, 139 Cal. App. 595 [34 Pac. (2d) 779], in each of which hearing by the Supreme Court was denied. In the latter case we discussed *Spencer* v. *City of Los Angeles*, 180 Cal. 103 [179 Pac. 163]; *Continental Ins. Co.* v. *City of Los Angeles*, 92 Cal. App. 585 [268 Pac. 920], and *Beeson* v. *City of Los Angeles*, 115 Cal. App. 122 [300 Pac. 993], which relate directly to the question here involved, as to the proper body with which to file such a claim.

The Spencer case, *supra*, did not involve a claim arising out of a tort, and is not persuasive in the instant case. The Continental Insurance Company case was based on a claim for damages against the board of public service commissioners (which has been superseded by the board of water and power commissioners), a body exercising proprietary, as distinguished from governmental, functions. Article XXII of the city charter sets out its broad powers, which include the right to sue and be sued and to carry on autonomously, under the charter, the far-flung business enterprise which is a matter of common knowledge.

The Beeson case, *supra*, deals with a claim arising out of the death of a child in a storm drain maintained by the board of public works, whose functions in connection with the construction and maintenance of streets, sewers, bridges, tunnels, street lights, public buildings, etc., are enumerated

in article XXIII of the city charter. As we observed in *Haigh* v. *City of Los Angeles, supra,* "any liability in that case was incurred by reason of the negligent act or omission of the board in the performance of its duty of maintaining its own sewers and drains, and it could not have been incurred by any act of the city council"; and the conclusion seems reasonable that the appellate court in the Beeson case believed that the language used in the Continental Insurance Company case, *supra,* with reference to a board which was exercising proprietary powers, should by analogy be extended to apply to a board which, while performing governmental functions, was doing work such as that done by the board of public works. The language in the Continental Insurance Company case, *supra,* which might without controversy be approved as to boards exercising proprietary functions, it must be observed, was in the Beeson case directly applied to the board of public works, with no declaration of logic or precedent to bridge the difference in legal characteristics which separated them. The Beeson case, moreover, considers defects in the complaint which would perhaps render it defective even if a proper claim had been filed. Nevertheless, since the Supreme Court has reviewed it in denying a petition for hearing in that court, without modifying the language used in the opinion, and since claimants have reasonably relied on the case as establishing the course for them to follow, we are constrained to abide by its implications as to claims for torts against the board of public works.

We cannot concede, however, that the construction placed by the Beeson case on the charter sections cited would warrant an extension so as to justify or require the filing of a claim with the board of police commissioners when compensation is sought from the city by reason of a tort of a police officer. No analogy can be found between article XIX of the charter prescribing the functions of the board of police commissioners and articles XXII and XXIII above referred to. That board grants certain licenses and has charge of the personnel of the police department, and there its powers end. Aside from rules and regulations which relate to the orderly conduct of its business, the board enacts no laws or ordinances the enforcement of which constitute the substance of its department's work. We do not believe that the language used in the Continental case should

be extended to cover a case where the department is not exercising proprietary functions or doing work so similar in character as to compel the analogy drawn by the Beeson case. As the learned presiding justice of the third appellate district observed in his opinion in the Musto-Keenan case, *supra*: "This court may take judicial knowledge of the area of the City of Los Angeles and the great diversity of proprietary and governmental interests with which it is concerned, and it would be a great hardship and inconvenience to demand that a citizen at his peril select from the great number of boards and commissions authorized by the charter the proper subordinate with whom to file his claim."

The charter of course does not authorize the city or any department thereof to commit a tort, nor to incur liability by means of committing a tort. The liability arises by operation of law consequent to the tortious acts. It is not contractual, liquidated nor subject to audit or appraisal as relates to general damages. The court said in *Continental Ins. Co.* v. *City of Los Angeles, supra:* "It is apparent that the general plan or scheme and intention of the framers of the charter and of the legislature was first to provide for the presentation of a demand as a necessary prerequisite to the maintenance of a suit to the end that the city should always be given an opportunity to pay before being subjected to litigation, and second, as its business and administrative responsibility increased to create new boards and commissions with the object and to the end of relieving the council of many of its responsibilities and enabling it to function, more especially as a distinctive legislative body."

It is not suggested that the board of police commissioners could bind the city by approving a claim such as that presented in the instant case, nor could it defend against a claim which might be pressed against the city, being without authority or resources so to do. Nor could it pay any judgment recovered after the claim was rejected. The only function of that board in receiving such a claim would be to act as a messenger to transmit it to the city council and perhaps report back the action of that body with reference to it. This intermediate presentation to such a board might prove an obstacle to the attainment of the very object which brought the rule into being, if the board delayed or failed to transmit the claim to the city council and the latter body

was thereby kept from paying or settling it or making adequate inquiry to prepare a defense. Furthermore, it would be absurd to construe the court's language just quoted as meaning that the charter intended that the load of determining whether it should pay or reject a claim for damages should be lifted from the shoulders of the city council and placed upon some subordinate board, officer or employee. Yet that very absurdity is the inevitable concomitant of any further or unwarranted extension of the theory that in the case of a claim arising out of a tort the demand should be presented to the board having jurisdiction over the agency which committed the tortious act giving rise to any liability. On the contrary, the city council is the duly constituted representative of the taxpayers whose money is to be paid to satisfy the claim, or whose right to be held harmless against fraud or extortion is to be defended. To that body the claim must come for action, and to it the demand should be presented in a case such as this.

We must conclude that the claim of this plaintiff was properly filed with the city council and that the objection to the introduction of evidence should have been overruled by the trial court so plaintiff could have presented her proof.

Judgment reversed.

Crail, J., concurred.

STEPHENS, P. J., Concurring.—I concur because the rule of decision should not be changed at this late date. It may be seen by referring to several other cases this day filed that the city itself is not strictly consistent in its construction of the ambiguous charter provision referring to notice before suit may be filed against the city.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1935.