[Civ. No. 9535.   Second Appellate District, Division Two.—April 19, 1935.]

BILLIE EILEEN ROGERS et al., Respondents, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Albert E. Wheatcroft, Deputy City Attorney, for Appellants.

Sherman & Sherman and Erwin H. Haas for Respondents.

SCOTT, J., *pro tem.*—Plaintiff Billie Eileen Rogers and the other plaintiffs, her parents, recovered judgment against defendants for injuries received by the first-named plaintiff, then twenty years of age, when the coupe driven by her was struck by an ambulance owned by defendant city and driven by defendant Garrett in the course of his employment. Defendants appeal.

The accident occurred about noon on a clear day. The driver of the coupe was going east on Jefferson Boulevard in the City of Los Angeles, and as she approached the intersection of Crenshaw Boulevard the signal was open for east and west bound traffic. She was traveling in the center lane of the south half of the street. The ambulance was going south on Crenshaw, responding to an emergency call. As it approached Jefferson it swerved toward the east side of the street it was traversing to avoid the southbound cars thereon, proceeded into Jefferson and the two cars collided in the intersection. Because of injuries received the driver of the coupe testified she was unable to recall the incidents surrounding the accident.

Appellants urge three points on appeal: (1) Insufficiency of the evidence to establish their liability, (2) proof of contributory negligence as a matter of law, and (3) noncompliance with charter provisions with reference to presenting claim before suit.

296

In support of their contention relating to the insufficiency of the case against them, appellants place their reliance upon section 132 (b) of the California Vehicle Act (Deering's Gen. Laws, 1931, Act 512, vol. 2, p. 2515, Stats. 1929, p. 542), which reads: "The driver of a vehicle upon a public highway shall yield the right of way to any authorized emergency vehicle when the latter are operated upon official business and the drivers thereof sound audible signal by siren. This provision shall not relieve the driver of any authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway, nor shall it protect the driver of any such vehicle from the consequence of an arbitrary exercise of such right of way." The jury, at the request of defendants, was instructed upon the law contained in this section, including definition of the word "arbitrary". It is admitted that the ambulance was an authorized emergency vehicle and that it was being operated on official business. (California Vehicle Act, secs. 8½ and 120, Deering's Gen. Laws, 1931, vol. 2, pp. 2455, 2511.) The extent to which the siren was being audibly sounded was the subject of testimony which was somewhat in conflict. Nearly all witnesses heard the siren, many of them declaring that it sounded at 29th Street, three or four blocks north of Jefferson, and then did not sound again until it entered the intersection not far from the point of impact. One westbound motorist on Jefferson declared he did not hear it at all until just as the ambulance was entering the intersection. ■ "The weight to be given negative testimony, where it is claimed that signals were not given, is a question for the jury; and such evidence is sufficient to sustain a verdict even though it conflict with other evidence that a warning was actually given. (*Thompson* v. *Los Angeles Ry. Co.*, 165 Cal. 748 [134 Pac. 709]; *Keena* v. *United Railroads*, 197 Cal. 148 [239 Pac. 1061].)" (*Ferran* v. *Southern Pacific Co.*, ■ (Cal. App.) 35 Pac. (2d) 1076.) As above indicated, the traffic signal was closed to north and south bound traffic when defendants' vehicle

undertook to cross the intersection, which was a busy one, against the signal, and the speed at which it was being driven was variously stated to be from thirty to fifty-five miles per hour.

The jury having been instructed concerning the law, we must assume that they measured the evidence by the rule which it afforded. They concluded that the acts of the defendant ambulance driver warranted a verdict in favor of plaintiffs, and under the evidence as above outlined, we are unable to say as a matter of law that they were wrong. Liability of defendant city is of course predicated upon the provisions of section 1714½ of the Civil Code.

Whether the plaintiff, driver of the coupe, was guilty of contributory negligence was a matter similarly within their province. There is nothing to suggest negligence on her part unless she heard the siren and disregarded it. Her duty to give the right of way to the ambulance was based upon her knowledge of its approach. As the court had occasion to observe in connection with the sounding of a siren by a fire truck in *Balthasar* v. *Pacific Elec. Ry. Co.*, 187 Cal. 302, at page 311 [202 Pac. 37, 19 A. L. R. 452], ''Notice to the person required to yield the right of way is essential and a reasonable opportunity to stop or otherwise yield the right of way necessary in order to charge a person with the obligation fixed by law to give precedence to the fire apparatus.'' Unless she knew or in the exercise of ordinary care should have known that the ambulance was approaching, the plaintiff driving the coupe was under no obligation to anticipate its presence. We find nothing in the cases of *Armas* v. *City of Oakland*, 135 Cal. App. 411 [27 Pac. (2d) 666, 28 Pac. (2d) 422], or *Tuten* v. *Town of Emeryville*, 139 Cal. App. 745 [35 Pac. (2d) 195], cited by appellants which is in conflict with our views in this case.

Before bringing suit a claim for damages was filed with the council of the City of Los Angeles and with the board of police commissioners within the time provided by the charter of defendant city, and said claim was rejected. Appellant city urges, however, that the claim against it should have been filed with the police surgeon of the city and since it was not so filed, respondents are precluded from successfully maintaining their suit as against such appellant.

Reliance is placed upon section 363 of the charter of defendant city which provides: "Every claim and demand against the city, except as provided in the preceding section, shall be first presented to and approved in writing by the board, officer or employee authorized by this charter to incur the expenditure or liability represented thereby. In all cases the date of such approval shall be given," and section 376 which declares that no suit shall be brought against the city unless such a claim has been filed in the time therein provided.

Appellants contend that the ambulance was in charge and under control of the "receiving hospital" and that the driver was an employee of the "receiving hospital" which it is asserted "is a distinct and regularly constituted department of government of the City of Los Angeles, created by the council of said city, under article II, section 16 of its charter, which says: 'The council may by ordinance provide for the election or appointment of officers other than those designated in this charter, whenever the public necessity or convenience may require and prescribe their duties and fix their compensation; provided that such duties shall not include any of the duties of any officer designated in this charter or of his deputies or assistants.' "

Pursuant to this charter section, appellants state that the council passed an ordinance creating the position of "police surgeon" who appoints assistants and runs the receiving hospital and who appointed the ambulance driver in this case.

In *Robertson* v. *City of Los Angeles,* this day decided (*ante,* p. 289 [44 Pac. (2d) 461]), we discussed the principles which should guide us in our interpretation and application of the charter provisions above cited. With reference to filing claims, we are of the opinion that for the reasons therein stated the appellants' contention that the demand in this case should have been filed with the police surgeon as an indispensable prerequisite to bringing suit against defendant city cannot be sustained.

Since the position of police surgeon was not created by the charter but was the creature of an ordinance enacted pursuant to the general charter provision above quoted we find an added basis for holding that the police surgeon was

not an "employee authorized *by this charter* to incur the expenditure or liability represented" by the claim in question.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 17, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1935.