[Civ. No. 10241. Second Appellate District, Division Two.—November 27, 1935.]

ELIZABETH McCANDLESS, Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Thatcher J. Kemp, Deputy City Attorney, for Appellant.

Wendell W. McCanles for Respondent.

CRAIL, P. J.—This is an appeal from a judgment entered on a verdict in favor of the plaintiff in an action for damages to real property. The defendant city, through its city council at a regular meeting, passed a resolution adopting the report of its tunnels, bridges and viaducts committee and instructed its board of public works "to prepare plans, consider and enter into a contract" for the construction of an underground

subway in the street in front of the plaintiff's property. This order was executed by its board of public works, by advertising for and receiving bids for such construction, awarding the contract, entering into the contract and accepting the work at its completion. The construction resulted in an obstruction in the parkway in front of plaintiff's property consisting of an open cut and stairway approximately 20 feet in length, paralleling plaintiff's front property line and about 7 feet distant therefrom, around which iron railings were constructed above the surface of the sidewalk. The stairway and railings were built opposite the center portion of the plaintiff's property.

This is not the first trial nor the first appeal of the case, but the second. In the first trial a judgment was entered in favor of the defendant on the theory that the complaint did not state a cause of action. On appeal to the Supreme Court the decision of the lower court was reversed and the case remanded for further proceedings (*McCandless* v. *City of Los Angeles,* 214 Cal. 67 [4 Pac. (2d) 139]), and the opinion therein became the law of the case. In that opinion Mr. Justice John W. Shenk, who is especially learned in law affecting municipalities, speaking for the court, said:

"Section 8 of article I of the Constitution of 1849 provided that private property should not be taken for public use without just compensation. Section 14 of article I of the Constitution of 1879 enlarged this protection to the property owner by providing that private property shall not be taken *or damaged* for public use without just compensation. This enlargement of the constitutional provision first came before this court for consideration in *Reardon* v. *San Francisco,* 66 Cal. 492 [6 Pac. 317, 56 Am. Rep. 109], wherein the term 'damaged' was held to assure a right to compensation in addition to that theretofore obtaining, that is, 'a guaranty against damage where none previously existed' . . .

"In *Brown* v. *Board of Supervisors,* 124 Cal. 274, at page 280 [57 Pac. 82], the court said: 'The property which an abutting owner has in the street in front of his land is the right of access and of light and air, and for an infringement of these rights he is entitled to compensation . . . and any infringement thereof gives him a right of action . . . any act of the municipality by which that easement is destroyed or substantially impaired for the benefit of the public is a

damage to the lot itself within the meaning of the constitutional provisions, for which he is entitled to compensation.'

"In the case at bar it cannot be questioned that the plaintiff, as an abutting property owner on Sunset boulevard, possesses not only the right to the use of the street in common with all other members of the public but also a private right or easement for the purposes of ingress and egress to and from her lot which right may not be taken away or destroyed or substantially impaired or interfered with for public purposes without just compensation therefor."

It is the first and fundamental contention of the defendant that the trial court erred in refusing to give the following instruction: "You are instructed that though it is true that the power of a municipality to regulate is not the power to destroy in its absolute sense, it is nevertheless true that the right to regulate frequently and as a necessary sequence carries with it the right so to control and limit the use or enjoyment of private property as to amount to its destruction, and in such cases private interests must yield to the public advantage, and, accordingly, where the police power of the municipality is legitimately exercised, uncompensated submission is exacted of the property owner, if his property be damaged." It is obvious from what has heretofore been quoted from the language of the Supreme Court in the first appeal of this case that said instruction is not in line with the law of the case, and also it is obvious that the instruction has no relevancy to the facts which confront us.

Appellant complains also of other instructions, some of which the court gave and some of which the court refused to give when requested so to do by the defendant. But its complaints in this regard, except as to one instruction, are built upon the same contention and are without merit.

This excepted instruction reads as follows: "The Court further instructs you that the Constitution of the state of California provides: 'that private property shall not be taken or damaged for public use without just compensation having first been made to or paid into Court for the owner . . . ', and the Court further instructs you that the construction of the tunnel in question by the City of Los Angeles *is for public use within the meaning of the language of the Constitution above stated.*" The defendant contends that this instruction told the jury that the plaintiff's property *had been damaged*

within the meaning of said constitutional provision. But, obviously there is no merit in this contention.

The defendant's final contention is that a prerequisite to stating and also to sustaining a cause of action against the defendant under the facts of this case is an allegation and evidence to prove it, that a claim for damages has been presented to the board of public works of the defendant city. Sections 360 to 367, article XXVIII, of the Charter of Los Angeles (Stats. 1925, p. 1137), in so far as, if at all, they apply to this case, provide in effect that no payment shall be made out of the funds of the city unless the demand which is paid be duly audited (sec. 360) ; the term audited shall be understood to mean that there has been presented to or secured by the controller adequate evidence that the demand has been approved by *every* board, officer or employee, required by the charter to approve the same (sec. 361) ; and every claim shall be first presented to and approved by the board, officer or employee authorized by this charter to incur the expenditure or liability represented thereby (sec. 363) ; and no suit shall be brought on any claim for money or damages until such demand has been made (sec. 376). Appellant's contention in this regard has been so often and so repeatedly decided otherwise that the question is no longer an open one with us. (*Musto-Keenan Co.* v. *City of Los Angeles,* 139 Cal. App. 506 [34 Pac. (2d) 506] ; *Haigh* v. *City of Los Angeles,* 139 Cal. App. 595 [34 Pac. (2d) 779] ; *Robertson* v. *City of Los Angeles,* 6 Cal. App. (2d) 289 [44 Pac. (2d) 461] ; *Rogers* v. *City of Los Angeles,* 6 Cal. App. (2d) 294 [44 Pac. (2d) 463] ; *Skinner* v. *City of Los Angeles,* (Cal. App.) 44 Pac. (2d) 467; *Douglass* v. *City of Los Angeles,* †(Cal. App.) 44 Pac. (2d) 463.) In the two cases last above cited hearings in the Supreme Court have been granted which are still pending. But regardless of the final outcome of those

†In the case of *Douglass* v. *City of Los Angeles,* the Supreme Court granted a hearing on June 17, 1935, and the final opinion was handed down on December 31, 1935, and is reported in 5 Cal. (2d) 123 [53 Pac. (2d) 353].

cases the decision in this case should go for the plaintiff because of certain reasons hereinafter stated.

The statement of Mr. Presiding Justice Albert Lee Stephens in his concurring opinion in the case of *Robertson* v. *City of Los Angeles, supra,* is significant: "It may be seen by referring to several other cases this day filed that the city itself is not strictly consistent in its construction of the ambiguous charter provision referring to notice before suit may be filed against the city." Where a somewhat similar claim for damages *was* filed with the board of public works, the defendant contended that the claim should have been filed with the city council. (*Douglass* v. *City of Los Angeles, supra.*) In the case of *Rogers* v. *City of Los Angeles, supra,* the city contended the claim should have been filed with its police surgeon.

In the case of *Musto-Keenan Co.* v. *City of Los Angeles, supra,* the court well said: "This court may take judicial notice of the area of the city of Los Angeles and the great diversity of proprietary and governmental interests with which it is concerned, and it would be a great hardship and inconvenience to demand that a citizen at his peril select from the great number of boards and commissions authorized by the charter the proper subordinate with whom to file his claim."

It is obvious that where, as in this case, a claim sounding in tort and not on contract and where no previous authority for incurring the liability has been expressly granted, has been filed with the city clerk, who is also the clerk of the city council, and such claim has been rejected after reference thereof to the city attorney for his opinion, no subordinate of the city would have either the courage or the authority to thereafter approve it. The presentation of such claim thereafter to a subordinate would be futile. The provisions of the city charter upon which the defendant relies were not intended as a trap in which to ensnare unwary citizens for the purpose of depriving them of their lawful claims. The office of the city clerk should be a clearing house for the filing of all such claims. Such claims, when filed, may easily be distributed and should be distributed to the subordinate which the city council may think is the proper one and whose approval the city council may desire; and the filing of such a claim with the city clerk is, for the purposes of subsequent litigation, the filing of the claim with such subordinate within the meaning of said charter provisions.

It should be also said that this contention of the defendant was not urged at the first trial, nor on the first appeal, but was urged as a definite issue for the first time on this appeal. The Supreme Court on the first appeal, in deciding whether or not the complaint stated a cause of action, said: "In addition to the foregoing, it was alleged in the amended complaint . . . that a demand for such compensation duly made to the city council was rejected. . . . We are satisfied that the complaint herein states a cause of action and that the extent of the alleged damages is a question of fact." In this connection it should also be noted that as late as the second trial the defendant formally stipulated that plaintiff's claim was filed in due time and form with the city council through the city clerk and was rejected. We find no merit in the appeal.

Judgment affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1936. Thompson, J., voted for a hearing.