[Civ. No. 10429.   Second Appellate District, Division One.—February 5, 1936.]

AGNES LYNCH et al., Appellants, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Max Schleimer and Jack Greenberg for Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur Loveland, Deputy City Attorney, for Respondent.

ROTH, J., *pro tem.*—The decisive question presented by this appeal is whether plaintiffs' claims for personal injuries suffered as a direct consequence of the negligence of defendant and respondent City of Los Angeles were duly presented in accordance with sections 363 and 376 of the city charter of the City of Los Angeles and Act No. 5149 of Deering's General Laws, in order to comply with the conditions precedent necessary to the bringing of this action.

Within ninety days after their respective causes of action had accrued, plaintiffs filed their claims for personal injuries sustained on December 23, 1933, through the city's negligence with the city clerk of the City of Los Angeles for presentation to the city council.  These claims were by the

city council rejected on May 3, 1934. Respondent contended in the trial court that the claims should have been first presented to the board of public works, in accordance with section 363 of the city charter. The court sustained that contention and gave judgment for respondent. The trial court, however, found as facts that the injuries sustained by plaintiffs were the direct consequence of the negligence of respondent; that plaintiffs were and each of them was free from negligence, and that the damages suffered by plaintiff Agnes Lynch were $2,765.50, and those suffered by plaintiff Ida C. Percival were $672.

It has been repeatedly held in a number of recent cases that the presentation of a claim to the city council on facts similar to those in the case at bar is a sufficient compliance with the charter provisions and with the general. law. (*Musto-Keenan Co.* v. *City of Los Angeles,* 139 Cal. App. 506, 515, 516 [34 Pac. (2d) 506]; *Haigh* v. *City of Los Angeles,* 139 Cal. App. 595, 599 [34 Pac. (2d) 779].) In both of these last-named cases hearings by the Supreme Court were denied. To the same effect are: *Robertson* v. *City of Los Angeles,* 6 Cal. App. (2d) 289 [44 Pac. (2d) 461]; *Douglass* v. *City of Los Angeles,* 81 Cal. App. Dec. 454 [44 Pac. (2d) 463]; *Rogers* v. *City of Los Angeles,* 6 Cal. App. (2d) 294 [44 Pac. (2d) 465]; *Skinner* v. *City of Los Angeles,* 81 Cal. App. Dec. 459 [44 Pac. (2d) 467]. Any confusion which may have existed as to what is the proper procedure is definitely clarified by the opinion of the Supreme Court in the foregoing case of *Douglass* v. *City of Los Angeles,* in which case a hearing was granted by the Supreme Court and in which said court in a learned and exhaustive opinion recently filed (91 Cal. Dec. 119 [53 Pac. (2d) 353]) reviews the cases and holds that the proper authority with which to file a claim, based on facts such as those in the case at bar, is the city clerk for presentation to the city council.

The judgment is reversed, and since there is no dispute as to the facts, the trial court is directed to enter judgments for appellants, respectively, in accordance with its findings of fact already made on the issue of damages, with interest on each of said judgments from the date of entry of the judgment from which this appeal is taken.

York, Acting P. J., and Doran, J., concurred.