[Civ. No. 3134. First Appellate District, Division Two.—November 28, 1919.]

## ALBERT E. MOSS, Appellant, v. H. R. BOYNTON COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—WHEN CONTRIBUTORY NEGLIGENCE A QUESTION OF LAW.—Contributory negligence is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in the one case the plaintiff was guilty of contributory negligence. When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then, and only then, does the law forbid plaintiff a recovery. Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.

[2] ID.—NEGLIGENCE OF DEFENDANT NOT TO BE CONSIDERED.—The question of contributory negligence must be determined without regard to any negligence on the part of defendant.

[3] ID.—DUTY OF PERSON ABOUT TO CROSS STREET.—It is the duty of a person about to cross a city thoroughfare, as the act of an ordinarily prudent man, immediately before placing himself in a position of danger, to look in the direction from which danger is to be anticipated. This is a continuing duty and is not met by looking once and then looking away.

[4] ID.—CROSSING STREET AT OTHER THAN ESTABLISHED CROSSING.— A person in attempting to cross a city thoroughfare at other than the established crossing is under a duty to exercise a greater degree of care than if he were at the established crossing.

[5] ID.—ABILITY TO HAVE SEEN AUTOMOBILE—FAILURE TO LOOK—CONTRIBUTORY NEGLIGENCE.—Where the plaintiff in an action for damages for personal injuries sustained through having been struck by an automobile while attempting to cross a city thoroughfare was under a duty to look and, had he looked, could have seen the automobile in time to have avoided the accident, his failure to do so under the circumstances constituted contributory negligence barring recovery.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

5. Reciprocal duty of automobile driver and pedestrian to use care, notes, 4 Ann. Cas. 400; 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990.

The facts are stated in the opinion of the court.

Robert J. Gardner and John L. Fleming for Appellant.

Joseph Scott, Willis I. Morrison and A. G. Ritter for Respondent.

NOURSE, J.—Plaintiff appeals from a judgment of non-suit granted at the close of plaintiff's case upon the ground of his contributory negligence. The action is for the recovery of damages for personal injuries sustained by plaintiff as the result of an automobile colliding with him, which automobile was owned by defendant and was being driven by an employee of defendant while in the course of his employment. Appellant contends that the question of plaintiff's negligence was one of fact for the jury.

Plaintiff testified that at about 10:45 o'clock on the morning of August 17, 1916, he walked to the outer edge of the sidewalk on Spring Street about forty feet north from Fourth Street; that the traffic was moving east and west on Fourth Street across Spring Street, and the traffic policeman at that corner was facing north; that he stood there for a moment or two looking north; that while looking in that direction he saw nothing that was moving except a trolley-car running south on Spring Street; that he also saw a jitney bus standing at the curb about five or six feet north of him, unloading passengers; that he then looked south toward the policeman, and, having looked away from the north for about three or four seconds, he started to step from the curb without again looking in that direction; that while he had one foot in the street and the other yet upon the curb he was struck by defendant's automobile coming from the north, receiving the injuries forming the basis of this action. He further testified that he did not see the automobile until after he was struck. The traffic policeman testified that he first observed the automobile which struck plaintiff when it was about the middle of the block; that until it got up to the rear of the jitney bus it was traveling at the rate of about twenty miles an hour, but that it slowed down suddenly so that when it got in front of the jitney bus it was going at the rate of ten or twelve miles an hour, at which rate it was being driven when the collision occurred; that the driver of

the automobile "switched in front of the jitney bus and came up close to the curb there just as the doctor stepped off the curb, and he caught the doctor right in the knee and knocked him down," and that the machine then traveled about two-thirds of its length before coming to a stop. The speed limit in the downtown section where the accident occurred was twelve miles an hour between crossings.

[1] Contributory negligence "is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in the one case the plaintiff was guilty of contributory negligence. . . . When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then, and only then, does the law step in and forbid plaintiff a recovery. . . . Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury." (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 240, [116 Pac. 513]; *Wing* v. *Western Pac. Co.*, 41 Cal. App. 251, [182 Pac. 969].) [2] And the question of contributory negligence must be determined without regard to any negligence on the part of defendant. (*Hutson* v. *Southern Cal. Ry. Co.*, 150 Cal. 701, 703 [89 Pac. 1093].)

Giving to plaintiff's evidence all the value to which it is legally entitled, and resolving every reasonable inference which may be drawn therefrom in favor of plaintiff, the inevitable conclusion must be that plaintiff left his place of safety on the sidewalk and stepped directly into the path of the moving automobile. [3] It was a duty devolving upon plaintiff, as the act of an ordinarily prudent man, immediately before placing himself in a position of danger, to look in the direction from which danger was to be anticipated. This was a continuing duty and was not met by looking once and then looking away. In the exercise of ordinary care it is the duty of a pedestrian "to look to the right and to the left whenever he has voluntarily put himself in a position, which may be one of peril coming from either direction." (*Sheldon* v. *James*, 175 Cal. 474, 479, [2 A. L. R. 1493, 166 Pac. 8, 11].) [4] There was no dispute that there was no

danger from the south because the traffic was moving east and west on Fourth Street across Spring Street. It is likewise clear that the traffic from the north was entitled to proceed to Fourth Street past the place where plaintiff was standing. In attempting to cross at that point a duty rested upon him to exercise a greater degree of care than if he were at the established crossing. (*Sheldon* v. *James, supra.*) This was particularly true if his view was to any extent obstructed by the jitney bus. [5] Contrary to the allegations of the complaint, the only testimony given on the subject was that at the time of the accident defendant was driving at a lawful rate of speed and that the automobile was under control. Plaintiff's witness, the traffic policeman, saw the automobile when it was in the middle of the block, and it is apparent that plaintiff could have seen it in time to have avoided the accident had he looked. His failure to do so under the circumstances constituted contributory negligence barring recovery in this action.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.