[Crim. No. 4406.  First Appellate District, Division One.—March 21, 1923.]

## G. B. OGDEN, Appellant, v. DON LEE, Respondent.

[1] NEGLIGENCE—INJURY BY AUTOMOBILE—DRIVING ON WRONG SIDE OF STREET—CONTRIBUTORY NEGLIGENCE—NONSUIT.—In an action for damages for personal injuries received as the result of having been struck by an automobile driven by an employee of defendant, conceding that at the time of the accident defendant's automobile was being driven on the wrong side of the street, and that because thereof defendant was negligent, if, by the uncontradicted evidence of the plaintiff himself, it is shown that he was also negligent and such negligence contributed proximately to the injuries complained of, the defendant's motion for a nonsuit is properly granted.

[2] ID.—FAILURE TO OBSERVE APPROACH OF CAR—EVIDENCE—CONTRIBUTORY NEGLIGENCE.—Although plaintiff, as he was about to cross the street, looked in both directions to observe if any vehicles were approaching, and he believed in good faith that the light which he observed when he reached the middle of the street was stationary, under the circumstances shown in this case, he did not act as a prudent person in forming and acting upon such belief, particularly in view of the fact that when he was in the middle of the street the light was approximately fifty feet closer to him than it was when he left the curb.

[3] ID.—POSITION OF AUTOMOBILE—EXCLUSION OF DEPOSITION—ABSENCE OF PREJUDICE.—It having been established without contradiction by plaintiff's own testimony given at the trial that at the time of the accident defendant's machine was being driven on the wrong side of the street, the trial court did not commit prejudicial error in sustaining defendant's objection to the admission of portions of plaintiff's deposition, which was taken at the request of the defendant prior to the trial, and wherein plaintiff testified that defendant's driver, while plaintiff was being taken to the hospital, admitted that he, the driver of the machine, was on the wrong side of the street.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

1. Reciprocal duty of driver of automobile and pedestrian to use care, notes, 4 Ann. Cas. 400; Ann. Cas. 1916E, 661; 9 A. L. R. 1248; 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990.

The facts are stated in the opinion of the court.

E. J. Talbott and John W. Bantz for Appellant.

Walter J. Linforth for Respondent.

THE COURT.—Plaintiff, while crossing Webster· Street, at its intersection with Grand Avenue, in the city of Oakland, was struck and injured by an automobile, driven by an employee of the defendant.

This action was commenced by plaintiff for damages as a result of those injuries, and upon trial, before the court sitting with a jury, a motion for a nonsuit was granted, and judgment was entered in favor of defendant, for the reason and upon the ground that the evidence given by plaintiff proved that he was guilty of contributory negligence. Plaintiff appeals.

[1] The record discloses that at the time of the accident defendant's automobile was being driven on the wrong side of the street, and it is upon that ground that plaintiff contends that defendant was negligent. It may be conceded that this contention of plaintiff is sound, and yet if, by the uncontradicted testimony of the plaintiff himself, it is shown that he was also negligent and that such negligence contributed proximately to the injuries complained of, the motion for a nonsuit was properly granted.

The accident occurred on the night of December 21, 1920, shortly before the hour of 8 o'clock. It was raining and blowing at the time. The wind was blowing from the north sufficiently strong to drive the rain before it. Plaintiff was dressed in a black suit and was carrying an opened black umbrella. As he stood on the westerly curb of Webster Street, which runs in a northerly and southerly direction, he raised the opened umbrella and looked to the north and to the south for approaching vehicles. He observed lights on the easterly side of Webster Street, up near Twenty-third Street, at a distance of approximately 125 feet from him, but was unable to say whether they were the lights of an automobile or not. He was asked whether or not the lights were moving at the time he saw them, and with some considerable degree of uncertainty he first answered that if they were moving they were "not moving very much," and

afterward, in reply to a direct question "were they moving —yes or no"—he answered, "I couldn't say." Later he stated, "I could not tell positively that it [the light] was not moving." He stated that he then pulled the umbrella down over his head to protect himself from the rain, and proceeded to cross the street. When he reached the center of the street he still had the umbrella well down over his head and tilted to the north for the purpose of shedding the rain; that he then looked to the south under the edge of the umbrella and saw no vehicle approaching from that direction, and he then looked to the north through the "roofing" of the umbrella and observed that the light on the easterly side of Webster Street was then within seventy-five or eighty feet from him. Nevertheless, he continued on his course and walked directly into the pathway of the moving automobile, and was struck and injured.

In view of these facts, which were established by the plaintiff's own testimony, we are convinced that the trial court was correct in holding that plaintiff was guilty of contributory negligence. The motion for a nonsuit was therefore properly granted.

[2] Plaintiff endeavors to justify his contention that he was not guilty of contributory negligence upon the grounds that he believed in good faith that the light which he observed was stationary, and that he did all that the law required him to do when he looked to the right and to the left before attempting to cross to the easterly side of the street.

It is doubtless true that plaintiff did believe that the light he saw was not moving toward him; otherwise he would not have walked squarely in front of the moving machine. But we are constrained to hold, as a matter of law, as did the trial court, that under the circumstances here shown plaintiff did not act as a prudent person in forming and acting upon such belief, particularly in view of the fact that when he was in the middle of the street the light was approximately fifty feet closer to him than it was when he left the curb. If he had paused only a few seconds in the middle of the street, it is plain that he would then have known that it was the light of an approaching automobile.

A complete answer to the second proposition is that even though plaintiff did look to the right and to the left when

he reached the middle of the street and before he attempted to cross to the easterly side thereof, he obviously did not heed what he saw. He admits that when he stepped from the curb he saw a light 125 feet from him, and that when he reached the middle of the street this same light was within seventy or eighty feet from him, and without pausing for a few seconds to ascertain whether or not it was the light of an automobile, he continued on, with the umbrella pulled down over his face, until he was struck by the machine.

In the case of *Moss* v. *Boynton Co.*, 44 Cal. App. 474 [186 Pac. 631], the rule is stated as follows: "It was a duty devolving upon plaintiff, as the act of an ordinarily prudent man, immediately before placing himself in a position of danger, to look in the direction from which danger was to be expected. This was a continuing duty and was not met by looking once and then looking away. In the exercise of ordinary care it is the duty of a pedestrian 'to look to the right and to the left whenever he has voluntarily put himself in a position which may be one of peril coming from either direction.' (*Sheldon* v. *James*, 175 Cal. 474–479 [2 A. L. R. 1493, 166 Pac. 8].)"

Measuring the facts of this case by the rule thus stated, the plaintiff was guilty of contributory negligence. (*Finkle* v. *Tait*, 55 Cal. App. 425 [203 Pac. 1031]; *Chrissinger* v. *Southern Pac. Co.*, 169 Cal. 619 [149 Pac. 175].)

[3] Appellant also complains of a ruling of the trial court excluding, upon the objection of the defendant, certain testimony given by plaintiff in the form of a deposition. Plaintiff's deposition was taken at the request of the defendant prior to the trial. Plaintiff also testified as a witness at the trial. At the conclusion of plaintiff's testimony, before the court and jury, plaintiff offered in evidence said deposition. Defendant objected to certain answers therein given, which were made in response to questions propounded by the defendant, and the court sustained the objection. The substance of those answers is that the driver of the machine admitted to plaintiff, while plaintiff was being taken to the hospital, that he, the driver of the machine, was on the wrong side of the street. This ruling, even though it be error, was not prejudicial to plaintiff's case, for the reason that by plaintiff's testimony, given before

the court and jury, it was established without contradiction that said automobile was, at the time of the accident, being driven on the wrong side of the street.

The judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1923.