[Civ. No. 9225. Second Appellate District, Division One.—June 7, 1935.]

ERNEST H. CHASE, Respondent, v. JOHN M. THOMAS, Jr., et al., Appellants; PACIFIC EMPLOYERS IN- SURANCE COMPANY (a Corporation), Intervener and Respondent.

Young & Young, William K. Young and Forrest F. Murray for Appellants.

Harold N. Nuzum for Respondent.

F. Britton McConnell and W. H. Abrams for Intervener and Respondent.

SHINN, J., *pro tem.*—Plaintiff, a pedestrian, was struck by an automobile owned by defendant John M. Thomas, Jr., and driven by his daughter, Eleanor Thomas. Judgment went against both defendants, from which they appeal. Plaintiff double parked his laundry truck, headed east, on the south side of West 36th Place in the city of Los Angeles. This street is 36 feet wide from curb to curb and cars were parked along the curblines on each side of the street. It appears from the evidence that plaintiff had gone to the rear of his truck, where he took out a laundry bag, closed the doors, and stepped farther into the street toward the north. He testified that he was not more than a foot or 18 inches beyond the fender of his truck at the time he was struck by the automobile, which was traveling east.

Upon this appeal defendants present argument upon two points, the first one being that the finding of negligence on the part of defendant Eleanor Thomas is entirely unsupported by evidence. This contention merits only brief consideration. It was in evidence that defendants' car was proceeding at a speed of approximately 30 miles per hour when it was within 10 feet of plaintiff, and that it was going

approximately 25 miles per hour at the time of impact. The testimony also shows that defendants' car started to skid at a point about a car's length west of the rear end of plaintiff's truck and that the skidmarks extended for a distance of 83 feet. The skidmarks indicated that more than one wheel was locked for a distance of 36 feet and one wheel for the total distance of 83 feet. It was for the trial court to determine whether the driver of the car was negligent in maintaining a speed of 30 miles per hour or such speed as would cause the car to travel 83 feet after the application of brakes with sufficient force to lock all or some of the wheels. When it is considered that the car was being driven along a narrow street, lined on each side by parked automobiles, we would say that the evidence not only supported the finding of negligence but pointed not at all to any other conclusion.

Appellants' next point is that respondent was guilty of contributory negligence in that he failed to use ordinary care at the time he stepped from behind his truck. Plaintiff testified that after he took the bag from the car he looked both ways, first one way, then the other; that there were other cars in the road and plenty of them came along, but that he did not see anything close; that when he first saw defendants' car it was about 16 feet away from him and that it struck him before he had time to get out of the way.

We are asked to set aside the finding of the trial court and hold that plaintiff was guilty of negligence as a matter of law upon his own testimony. Before we can do this, we must place upon plaintiff's testimony the construction that tends most strongly toward establishing the absence of contributory negligence and upon the facts so shown find plaintiff's conduct so wanting in care as to preclude the conclusion that his acts were those of a man of reasonable prudence and caution. (*Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 474, 475 [186 Pac. 631].) Plaintiff's position at the time he stepped from behind his laundry truck was more than the width of two automobiles away from the south curb. Plaintiff testified that his truck was standing within one foot of the car south of it, but it does not appear how close that car was to the curb. It would appear, therefore, that the point where plaintiff was struck was upon the south half of the street and within a few feet of the center line thereof. His testimony does not definitely show whether he looked toward the west before he

stepped out from behind the truck or while he was taking the step or after he had taken it. In our view of the case it makes little difference which was the fact. The truck was 200 feet east of the nearest intersecting street toward the west. The path taken by plaintiff was not a pedestrian cross-walk. At that point it was plaintiff's duty to yield the right of way to passing vehicles, under the provisions of subdivision (c), section 131½ of the California Vehicle Act (Stats. 1923, chap. 266; amended, Stats. 1931, chap. 1026). Plaintiff had no right to assume that drivers of such vehicles would slow down in order to give way to him. He was under the positive duty, under the provisions of the statute, to yield the right of way to others. He violated this statutory provision. Instead of allowing the automobile to pass in front of him he stepped directly in front of it. The driver of the car was afforded no opportunity to stop after plaintiff stepped into the way. These acts upon plaintiff's part, being a violation of the provisions of the statute in that plaintiff instead of yielding the right of way claimed it for himself, constituted negligence *per se*. (19 Cal. Jur. 632.) ▇ Plaintiff's negligence did not result solely from his failure to observe this statutory right of the defendant driver. He stepped from a place of safety into a position of danger without taking adequate precautions before so doing. He looked toward the west and, as he says, saw no cars close by. It is true that he stated generally that he did not have an unobstructed view and that there were other cars passing along the street. This testimony, however, has no probative force. Where these other cars were or which way they were traveling plaintiff did not state. It clearly appears that nothing intervened between plaintiff and defendants' car. If there had been another automobile immediately in front of that of the defendants, plaintiff would have walked directly into it. The most that plaintiff can reasonably claim in his own favor is that he looked directly toward the defendants' car, with unobstructed vision, in broad daylight, and failed to see it, although it was but a short distance away from him. To look in such a fashion and fail to see what is in plain sight is to look without a reasonable degree of care, and if plaintiff's looking was done in such a negligent manner he may as well not have looked at all. He was not confused, nor was his attention diverted from the matter of ascertaining whether auto-

444

mobiles were approaching from the west. There was no reason why he could not have made careful observation of the street toward the west from a point of safety. Viewed either as a violation of defendant driver's statutory right of way or as the act of one who deliberately steps from a place of safety into a place of danger without giving heed to the possible consequences of his act, plaintiff's conduct was negligent. This negligence proximately contributed to the accident. Had he not violated the law or had he used ordinary care for his own safety, the accident would not have happened. His negligence therefore bars his recovery. (*Moss* v. *H. R. Boynton Co., supra; Sheldon* v. *James,* 175 Cal. 474 [166 Pac. 8, 2 A. L. R. 1493] ; *Brkljaca* v. *Ross,* 60 Cal. App. 431 [213 Pac. 290] ; *Ogden* v. *Lee,* 61 Cal. App. 493 [215 Pac. 122] ; *Finkle* v. *Tait,* 55 Cal. App. 425 [203 Pac. 1031] (opinion of Supreme Court in denying a hearing) ; *Zibbell* v. *Southern Pacific Co.,* 160 Cal. 237, 241 [116 Pac. 513].)

Judgment is reversed.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1935.