[Civ. No. 10651.  Second Appellate District, Division Two.—January 21, 1936.]

ELMA NELSON et al., Appellants, v. JOHN T. MALCOLM, Respondent.

William Ellis Lady for Appellants.

Charles J. Kelly for Respondent.

GOULD, J., *pro tem.*—In a suit for damages for wrongful death, jurors rendered their verdict against plaintiffs (appellants), widow and children of a pedestrian killed when struck by an automobile owned and driven by defendant. ██ The evidence, appellants urge, is not only insufficient to support the verdict in favor of respondent, but is such that the verdict should have been for appellants.

Without here recounting the testimony, we find in the record substantial evidence to support the implied findings of the jury in favor of respondent. It is true there was also evidence in favor of appellants' contention that the accident was due to the negligence and excessive speed of the automobile driver, and the jurors might well have rendered their verdict in appellants' favor; but an appellate tribunal may not set aside the result of the fact finders' deliberations where, as here, evidence of a substantial nature appears to sustain the verdict.

██ The accident happened while the pedestrian was crossing a public street between intersections and at a point other than within a marked crosswalk. At the request of respondent the court instructed the jurors in accordance with the provisions of section 131½ of the California Vehicle Act as

amended in 1931 (Stats. 1931, chap. 1026), that although neither driver nor pedestrian was relieved from the duty to exercise due care, it was nevertheless the duty of the pedestrian to yield the right of way to the vehicle, if the jurors found that the pedestrian at the time of the accident was crossing the street at a point other than within a marked crosswalk. The court also defined the term "crosswalk" in the language of the vehicle act. Appellants complain that the instruction was prejudicial and in effect told the jurors to find for the vehicle driver if the pedestrian did not keep out of his way. But the instruction to which objection is urged correctly states the law as found in the vehicle act, and has the authority of approval in such decisions as *Chase* v. *Thomas*, 7 Cal. App. (2d) 440 [46 Pac. (2d) 200]. In our opinion the trial court properly placed upon the jurors the duty of determining the facts and correctly expounded the law applicable to the situation presented by the issues involved.

Appellants also complain that certain instructions requested by them were refused. We deem it unnecessary to review these instructions in detail. Most of them are correct statements of abstract legal principles, some were inapplicable to the facts in this case and some were covered by other instructions. Viewed as a whole, we are of the opinion that the instructions given by the court fully and fairly apprised the jurors of the law governing the case.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1936.