[Civ. No. 10660. Second Appellate District, Division One.—July 22, 1936.]

YGNACIO FLORES et al., Appellants, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

J. B. Mandel for Appellants.

Gibson, Dunn & Crutcher and E. H. Chapman for Respondent.

WHITE, J., *pro tem.*—This is an appeal by plaintiffs from a judgment entered upon a directed verdict. Plaintiff Lupe Flores, wife of plaintiff Ygnacio Flores, sustained personal injuries when struck by an electric street car operated by defendant railway corporation. The accident occurred on November 7, 1934, at approximately 2 o'clock in the afternoon, at or near the intersection of Seventh Street and Broadway in the city of Los Angeles. Appellant Lupe Flores, in company with a large number of other pedestrians, was waiting at the northwest corner of the intersection, intending to cross Seventh Street in a southerly direction. The signal at that time was against northerly and southerly traffic on Broadway and in favor of easterly and westerly traffic on Seventh Street. A street car operated by respondent, westbound on Seventh Street, had stopped at the northeast corner of the intersection for the purpose of allowing passengers to board and alight. When all passengers had boarded and alighted from the street car, it proceeded westerly across Broadway. When the street car started westerly on Seventh Street, the traffic signal was still in its favor. When the first bell, indicating preparation for a traffic change, sounded, after the street car had started through the intersection, a police officer who was on duty at that point signaled the car to proceed and likewise held up his hand as a signal to the pedestrians on the northwest corner where appellant Lupe Flores was, to wait and allow the street car to pass. As the

car proceeded across the intersection it was traveling at a rate of speed estimated by witnesses at from five to ten miles per hour, and there was also testimony that the bell was being sounded. The motorman testified that he did not see appellant Lupe Flores until she stepped out of the crowd, at which time she was approximately ten feet from the front of his car. At that time, the motorman testified, he again rang his bell and made a full emergency application of air, but that plaintiff continued to approach the car, and was struck by the right front portion thereof before the car could be brought to a stop.

Appellants assail the judgment mainly upon the ground that in the face of a conflict in the evidence the trial court fell into error in taking the case from the jury and directing a verdict for defendant. ■ It appears to be the well-established and settled law of this state that the power of the court to direct a verdict is absolutely the same as the power of the court to grant a nonsuit; that a nonsuit or directed verdict may be granted only when, disregarding conflicting evidence, and giving the plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such verdict were given. (*Estate of Flood,* 217 Cal. 763, 768 [21 Pac. (2d) 579]; *Estate of Lances,* 216 Cal. 397 [14 Pac. (2d) 768].) ■ Appellants contend that there was a conflict in the evidence as to whether the motorman rang the bell of the street car, or gave any alarm at the time of or just preceding the accident, and that the evidence clearly indicates that plaintiff was at all times in the pedestrian crosswalk, proceeding in a southerly direction, with the traffic signals in her favor; while respondent contends that it was free from negligence in the operation and management of its street car, but that conceding any negligence on its part, that the appellant Lupe Flores was guilty of contributory negligence as a matter of law in failing to look in an easterly direction, from which the street car was proceeding, as she walked south. We find ourselves in accord with this claim of respondent, because plaintiff herself testified as follows:

"Q. Between the time when you started off from the curb until you were hit and got out near the tracks, did you look

in the direction of the street car, that is, did you look to the east any more?

"A. No, I didn't look because there was a lot of people on my side and I didn't expect a street car to come in the intersection.

"Q. And the next thing you knew, you were struck?

"A. Yes, sir, I just felt a big strike in my side and I was hit."

A review of the evidence in this case, including the testimony of appellant Lupe Flores herself, convinces us that reasonable men could draw only one conclusion from that evidence; namely, an inference pointing unerringly to the fact that, had plaintiff used ordinary care for her own safety and looked *at any time* after leaving the curb until she arrived at the street car track, the accident would have been prevented and she would not have been injured. (*Grandy* v. *Southern Pacific Co.,* 9 Cal. App. (2d) 441, 443 [49 Pac. (2d) 1127]. The testimony here shows beyond question that appellant Lupe Flores was negligent in stepping up to the tracks of respondent company directly in front of an oncoming street car which was plainly in view at the time she came up to the track, if she had chosen to glance in its direction. In *Moss* v. *Boynton Co.,* 44 Cal. App. 474, 476 [186 Pac. 631], it was said: "It was a duty devolving upon plaintiff, as the act of an ordinarily prudent man, immediately before placing himself in a position of danger, to look in the direction from which danger was to be anticipated. This was a continuing duty and was not met by looking once and then looking away." This statement was based on the holding in *Sheldon* v. *James,* 175 Cal. 474, 479 [166 Pac. 8, 2 A. L. R. 1493], and has been followed without disagreement in subsequent cases. (*Wright* v. *Foreman,* 86 Cal. App. 595, 604 [261 Pac. 481]; *Bullock* v. *Western Wholesale Drug Co.,* 91 Cal. App. 369, 372 [266 Pac. 978]; *Wing* v. *Kishi,* 92 Cal. App. 495, 498 [268 Pac. 483]; *Chase* v. *Thomas,* 7 Cal. App. (2d) 440, 444 [46 Pac. (2d) 200]; *Deike* v. *East Bay Street Railways, Ltd.,* 7 Cal. App. (2d) 544, 550 [46 Pac. (2d) 812]; *Finkle* v. *Tait,* 55 Cal. App. 425, 432 [203 Pac. 1031]; *Horton* v. *Stoll,* 3 Cal. App. (2d) 687, 690 [40 Pac. (2d) 603]; *Koeppel* v. *Daluiso,* 118 Cal. App. 442, 448 [5 Pac. (2d) 457].) This, of course, does not mean that it is a duty to look one way and to continue so to look, but rather to look in the direction or di-

rections of anticipated danger, and to continue to be alert to safeguard against injury. (*Lavin* v. *Fereria*, 10 Cal. App. (2d) 710 [52 Pac. (2d) 518].) In the instant case appellant Lupe Flores testified she did not look once in either direction for anticipated danger. As was said in *Schooley* v. *Fresno Traction Co.*, 56 Cal. App. 705, 710 [206 Pac. 481]: "However, where a foot passenger walks or steps directly in front of an approaching car and is struck the instant he sets foot between the rails, there is but one inference that can reasonably be drawn from that fact; that is, the inference of contributory negligence."

Appellant Lupe Flores being guilty of contributory negligence as a matter of law, the motion for a directed verdict was properly granted, and the judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 17, 1936.