[Civ. No. 13617.  Second Dist., Div. One.  Sept. 21, 1942.]

HENRY I. GLICKMAN, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), et al., Respondents.

A. V. Coviello and J. F. Wilson for Appellant.

Frank Karr, C. W. Cornell and O. O. Collins for Respondents.

YORK, P. J.—This appeal is prosecuted by the plaintiff Glickman from a judgment which was entered pursuant to a directed verdict in favor of defendants.

The instant action was instituted by said plaintiff to recover damages for personal injuries and property damage sustained by him and for damages for the wrongful death of his wife resulting from a collision between an automobile which he was driving and one of respondent corporation's interurban street cars which was being operated by respondent Alexander.

The accident occurred at 1:30 p. m. on August 14, 1940, a bright, sunny day, at the intersection of Bay Street and

Trolleyway in the city of Santa Monica. Bay Street is 40 feet wide, runs east and west, is paved with dry concrete or asphalt, its grade not exceeding one per cent, and intersects Trolleyway at a right angle. Trolleyway is 95 feet wide, runs north and south, and is a private right-of-way upon which respondent corporation maintains two sets of car tracks located 20½ feet apart.

Appellant was familiar with the particular locality, having lived for three years prior to the accident on Bay Street about three-quarters of a block east of Main Street, which is the first street east of and running parallel to Trolleyway. On the day of the accident appellant, accompanied by his wife, was driving a 1925 Reo automobile westerly on Bay Street on his way to the Pacific Ocean where he and his wife intended to bathe and swim. He brought his car to a stop at Main Street, proceeded across said intersection and drove at a speed of 10 miles per hour a distance of 150 feet to the easterly line of Trolleyway. He continued to travel across Trolleyway at this speed until the moment of impact of his automobile with respondent's street car which was moving southerly on Trolleyway on the westerly set of car tracks.

At the northeast corner of the intersection of Bay and Trolleyway, the view to the north along the tracks is obscured by an apartment house and a hedge maintained on the property line thereof, said property line being about 18 feet from the easterly or northbound tracks and about 44 feet easterly from the east rail of the westerly or southbound tracks. It was developed at the trial that when a person driving west on Bay Street 10 feet south of the north curb thereof reached a point 40 feet from the east rail of the southbound tracks, he could see north along the tracks on Trolleyway for at least half a mile.

From the time appellant crossed Main Street he looked in all directions. When he first saw the street car he estimated it was 200 to 250 feet north of Bay Street, at which time the front end of his automobile was on the easterly or northbound tracks. Appellant testified that his automobile was between the two sets of tracks or about 10 feet east of the southbound tracks (upon which respondent's interurban car was traveling) when he first discovered his danger, indicating that his automobile traveled 12½ feet from the time he first saw the street car to the point where he became aware of the existing danger.

The motorman, Alexander, testified he stopped his street car at Pico Street, which is approximately 700 feet north of Bay Street, and was coasting along Trolleyway at a speed of 15 miles as he approached the intersection of Trolleyway and Bay Street; that he did not see appellant's automobile until he was within 30 or 35 feet from it, at which time he applied the emergency brake. The street car struck the automobile in the middle between the two doors and pushed it ahead until the street car came to a stop a car length and a half from the point of impact, a distance of approximately 123 feet. Appellant's wife was killed in the accident and appellant was severely injured.

At the conclusion of the trial, respondents moved the trial court to direct a verdict in their favor and against appellant. This motion was based upon the grounds (1) that there was no evidence of negligence in the operation of the train, and (2) that the evidence conclusively showed that appellant's own negligence proximately caused the accident. The trial court granted said motion and directed the jury in the following language: "You will recall, Ladies and Gentlemen, that Mr. Glickman testified that he drove on to the right-of-way and as he drove on he looked to the north and saw this interurban car approaching some 200 to 250 feet away. That is approximately four or five—50-foot residential lots. Now under those circumstances he says that he traveled at the rate of 10 miles per hour and expected that he had time enough to get across; that it seemed to him that the interurban started up, or speeded up, after he had looked, and the first thing he knew he didn't get across and was struck. We all appreciate the injuries and the situation that he has, but the law is very definite on the proposition that where you are on an interurban—where you are crossing an interurban railway which has its own right-of-way you must yield your right-of-way to that interurban car, and if you don't get across, then you are contributorily negligent. For that reason, it has been necessary for me to direct the jury to return a verdict for the defendants in this case."

It is contended by appellant that the court erred in directing a verdict for the defendants, because "under the facts presented by the evidence in this case, the plaintiff was justified to proceed across the track when he observed the street car approximately 250 feet to the north of the intersection. That he was not compelled as a matter of law to stop and wait for the car to pass."

As a matter of fact, the record discloses that appellant miscalculated the distance between Bay Street and the curve in Trolleyway south of Pico Street where he first saw the street car, and that actually it was something less than 200 feet; also, when he made such observation his automobile "was on the easterly (northbound) line of tracks" on Trolleyway. He testified on direct examination that when he reached the 20½-foot strip of land lying between the northbound and the southbound tracks, he "first discovered the danger. . . . In between the two tracks I noticed the street car speeding up in place of slackening down. I thought he would slacken down. Instead of that he did the opposite. I had such a little distance to cross here I was under the impression I could get across. In approximately another second I would have been out of danger." On cross-examination he testified: "My automobile was in between the two tracks—the first and second tracks. . . . In between the two tracks right in here. That is when I became aware of the danger. I was right in here in between the two tracks. . . . I simply speeded up. That is, I continued to cross there and tried to clear myself from the approach of the train." A photostatic copy of the map used at the trial is included in the record herein. This map indicates that appellant's automobile was 10 feet east of the southbound tracks upon which the street car was traveling when appellant first discovered the danger.

Respondent Alexander's testimony that he was operating the street car at a speed of 15 miles per hour is uncontradicted, as well as his testimony that he applied the emergency brake when he first saw appellant's automobile.

It appears from an examination of the evidence adduced at the trial of the instant litigation that appellant's negligence in continuing across the intersection after he became aware of the existing danger was the proximate cause of the accident.

In the case of *McHugh* v. *Market St. Ry. Co.*, 29 Cal. App. (2d) 737, 741 [85 P. (2d) 467], the facts of which present a similar situation, the court stated: "As held in substance in the cases hereinafter cited, where a pedestrian or the driver of a motor vehicle, after being aware of the approach of an oncoming electric car which is within such a distance and going at such an apparent rate of speed as to cause a reasonable apprehension of danger, closes his eyes

to the dangers necessarily involved and blindly attempts to cross in front of it, thus placing himself in the pathway of the oncoming car, he is guilty of negligence as a matter of law. (*New York Lubricating Oil Co.* v. *United Railroads,* 191 Cal. 96 [215 Pac. 72]; *Arnold* v. *San Francisco-Oakland T. Rys.,* 175 Cal. 1 [164 Pac. 798]; *Urbano* v. *Market Street Ry. Co.,* 8 Cal. App. (2d) 22 [46 P. (2d) 817]; *Gore* v. *Market St. Ry. Co.,* 4 Cal. App. (2d) 154 [48 P. (2d) 2].)''

For the reasons stated, the judgment appealed from is affirmed. The appeal from the order denying motion for new trial is dismissed.

Doran, J., and White, J., concurred.