[Civ. No. 13709.   Second Dist., Div. Two.   Nov. 5, 1942.]

MORRIS WEISSMAN, Appellant, v. ALFRED R. SEE-HUSEN, Respondent.

Isador Gralla and Henry O. Wackerbarth for Appellant.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and Vernon W. Hunt for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before a jury in an action to recover damages for personal injuries, plaintiff appeals.

The record discloses these facts:

The following is an aerial photograph of the intersection where the accident hereinafter described occurred:

Ramona
Blvd
*East*

City
Terrace
Drive

Ramona
Blvd
*West*

Case No. 453454
Deft's Exhibit C
*Filed*
Mar 28 1941
L. E. LAMPTON,
County Clerk
By R. E. PARKIN,
Deputy

At about 1:00 a. m., March 30, 1940, defendant was driving his automobile between twenty-five and thirty miles per hour in an easterly direction on Ramona Boulevard where it intersects City Terrace Drive. At about the same time plaintiff was crossing Ramona Boulevard from the north to the south side, walking very rapidly. It was misting. Before leaving the north curb of Ramona Boulevard plaintiff looked to the east (his left). He then looked straight ahead without looking to the west (his right), and started across the boulevard. The headlights on defendant's car were illuminated. At approximately the center of the street plaintiff saw defendant's car about five feet from him. At about the same time defendant saw plaintiff and immediately thereafter the automobile struck plaintiff, causing him personal injury.

It is conceded that the accident did not occur within

a marked crosswalk. Defendant made a motion for a directed verdict in his favor, which was denied. Thereafter the jury returned a verdict in favor of defendant.

This is the sole question necessary for us to determine:

*Was plaintiff contributorily negligent as a matter of law, in view of the facts stated above?*

This question must be answered in the affirmative and is governed by the following rules of law:

(1) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway. (§ 562a, Veh. Code.)

(2) An unmarked crosswalk is that portion of a roadway ordinarily included within the prolongation or connection of the boundary lines of sidewalks at intersections where the intersecting roadways meet at approximately right angles, except the prolongation of any such lines from an alley across a street. (§ 85a, Veh. Code.)

In the instant case it is conceded that the accident did not occur within a marked crosswalk, and, applying the second rule above stated, it is evident that there was not an ''unmarked'' crosswalk at the intersection, for the reason that the intersecting streets, Ramona Boulevard and City Terrace Drive, do not meet at approximately right angles. Therefore, the intersection does not fall within the purview of section 85a of the Vehicle Code. This being true, it was plaintiff's duty to yield the right of way to defendant, and his failure to do so, being a violation of a provision of the Vehicle Code, constituted negligence per se; and, since it was a contributing cause of the accident, as a matter of law, it precluded plaintiff from recovering damages for the injury which he suffered. (*Leek* v. *Western Union Telegraph Co.,* 20 Cal.App.2d 374, 376 [66 P.2d 1232]; *Chase* v. *Thomas,* 7 Cal.App.2d 440, 443 [46 P.2d 200].)

In addition plaintiff was contributorily negligent in stepping from a place of safety into a position of danger without using reasonable care to ascertain if an automobile was approaching. The undisputed testimony is that plaintiff looked to his left to see if an automobile was approaching from the east but he at no time prior to the accident looked to his right to ascertain if an automobile was approaching from the west. Plaintiff's testimony on this subject was as follows:

"Q. And you were bent on catching that street car were you not?

"A. Yes, I didn't get across there. . . .

"Q. Now as you left the curb did you look to your left?

"A. Yes, I did.

"Q. Did you see any cars coming?

"A. No.

"Q. Then did you look straight ahead?

"A. Yes.

"Q. Then did you look to the right?

"A. I didn't have a chance to.

"Q. You didn't have an opportunity to look to the right before you were struck did you?

"A. That is right.

"Q. And you saw this car as it hit you, that is you didn't see the car until it hit you, did you?

"A. About five feet from me before it hit me.

"Q. About five feet before it hit you?

"A. Yes.

"Q. At that time it was right up on top of you?

"A. Yes.

"Q. At that time you were running were you to catch the street car?

"A. I was going pretty fast, I was going fast, walking fast.

"Q. You were walking fast?

"A. Yes.

"Q. That was a run wasn't it?

"A. Well, yes. . . .

"Q. And did you at any time from the time you left the northerly curbing up until the time you were struck observe any moving vehicles on Ramona boulevard?

"A. There wasn't any besides that.

"Q. There were not any?

"A. There wasn't any.

"Q. Did you at any time see any moving vehicles on City Terrace outside of the street car from the time you left the north curbing up until the accident?

"A. No, I didn't notice any. . . .

"Q. Now do I understand you correctly that when you left the curb you looked up in this direction to see if there were any cars coming?

"A. Yes.

"MR. GRALLA: Pardon me, Counsel, which direction do you mean?

"MR. PARKER: Looking east, that is to the left?

"A. Yes.

"Q. BY MR. PARKER: And then you looked straight ahead?

"A. Yes.

"Q. Then when you looked to the right, or to the west you were struck?

"A. That is right."

The undisputed evidence likewise discloses that the headlights on defendant's car were in good order and were visible for a considerable distance. Had plaintiff taken the trouble to look to the west, as a reasonably prudent man would have done, before stepping from the curb into the street, he would have unquestionably seen defendant's automobile approaching and would have avoided the unfortunate accident which ensued.

The facts in the present case are very similar to those in *Finkle* v. *Tait*, 55 Cal.App. 425, 432 [203 P. 1031] and *Chase* v. *Thomas*, 7 Cal.App.2d 440, 443 [46 P.2d 200]. See, also, *Flores* v. *Los Angeles Railway Corp.*, 15 Cal.App.2d 576, 579 [59 P.2d 856].

In view of the fact that plaintiff was contributorily negligent as a matter of law, the trial court should have granted defendant's motion for a directed verdict in his favor, and any errors in instructions to the jury are immaterial and must be disregarded by this court, pursuant to the mandate of article VI, section 4½ of the Constitution of the State of California.

Since no useful purpose would be subserved thereby, we refrain from discussing the other questions presented by counsel in their respective briefs.

For the foregoing reasons, the judgment is affirmed.

The attempted appeal from the order denying plaintiff's motion for a new trial is dismissed.

Moore, P. J., and Wood (W. J.), J., concurred.