[Civ. No. 4085. Fourth Dist. Mar. 28, 1951.]

HELEN GILKEY, Respondent, v. CROW-HARR LUMBER COMPANY, INC., et al., Appellants.

Chester O. Hansen and John Said for Appellants.

Lester N. Gonser for Respondent.

GRIFFIN, J.—As a result of an automobile accident the court, sitting without a jury, gave judgment against defendants and appellants Crow-Harr Lumber Company, Inc., and its truck driver employee, Radivoy Subotich, for $684.54 (subsequently reduced to $614.54 on a motion for new trial).

Defendant driver, according to his testimony as presented in an agreed narrative statement, was operating a truck in a northerly direction on First Street in Fresno at about 20-25 miles per hour around 10:25 a. m. When about 30-40 feet south of the intersection with Huntington Street (which runs east and west and is about 87 feet in width), he saw plaintiff's car approaching from the west at a point near the west curb line of First Street extended, ''crawling'' along. He assumed plaintiff was going to stop and go south, but instead she accelerated her speed and continued straight ahead through the intersection. He saw plaintiff's face and she was looking straight ahead to the east. When he saw she was not going to stop her car he cramped the wheels of his truck to his right. An impact occurred approximately 25 feet north of the south curb of Huntington Street and near the east curb of First Street. He stated his truck was going at that time between 5-10 miles per hour and that plaintiff's car was going about 15 miles per hour.

Plaintiff testified she approached the intersection at 15-20 miles per hour, came to a stop at the intersection near the west curb line of First Street; that she looked to her left and then to the right and allowed a southbound car to pass; that at that time, although she looked to the south for two blocks, she saw no northbound traffic approaching; that without looking to the south again she proceeded directly across

First Street and her car was struck by defendant's truck near the east curb line of First Street extended. East of First Street Huntington Street has a center parking about 42 feet in width. The record does not indicate that there was a boulevard stop sign in either direction. It is defendants' position that the evidence conclusively shows that plaintiff was guilty of contributory negligence as a matter of law, citing *Prato* v. *Snyder,* 12 Cal.App.2d 88 [55 P.2d 255]; and *Henderson* v. *Braden,* 35 Cal.App.2d 88 [94 P.2d 625].

It is the rule that an automobilist, crossing an intersection, is under a continuing duty to use care. The amount of care to be used depends on the facts of the particular case. (*Isaacs* v. *City and County of San Francisco,* 73 Cal.App.2d 621, 627 [167 P.2d 221].) From the statement of facts it might be reasonably inferred that plaintiff was obligated to stop at the intersection to permit the passage of the southbound automobile. She gave no signal indicating that her course thereafter would be to the left or to the right. Defendants' false assumption that she was going to turn was not predicated upon any act of plaintiff. Under the evidence related there might be a factual question as to which driver entered the intersection first. (Veh. Code, § 550(a).) Giving plaintiff the benefit of every favorable inference fairly deducible and every favorable presumption arising from the evidence produced in her behalf, the evidence here shows that plaintiff had lawfully obtained the right of way at this intersection and that the defendant driver failed to yield it.

One crossing an intersection is not under a continuing obligation to look in both directions at the same time, and when the driver looks in first one direction and then the other and sees no oncoming traffic that might affect his operations, it should be, as here, ordinarily left to the jury or to the trial court, as the case may be, to determine, under the facts of each particular case, what amount of vigilance is required in order to constitute due care. (*Hamlin* v. *Pacific Electric Railway Co.,* 150 Cal. 776, 780 [89 P. 1109]; *Young* v. *Tassop,* 47 Cal.App.2d 557, 564 [118 P.2d 371]; *Mahnkey* v. *Bolger,* 98 Cal.App.2d 628 [220 P.2d 824]; *Anthony* v. *Hobbie,* 25 Cal.2d 814 [155 P.2d 826]; *Prato* v. *Snyder,* 12 Cal.App.2d 88 [55 P.2d 255].) The cases relied upon by defendants are factually dissimilar.

The next complaint is that the damages are excessive in allowing $250 for personal injuries. The agreed statement shows that plaintiff "apparently was stunned from the acci-

dent'' and taken to the emergency hospital. She received bruises about her left knee, left foot and left shoulder. She complained of soreness for about two or three weeks but was able to return to her nursing work after being off for one day. The extent of her bruises is not indicated by the record. From the facts shown we see no justifiable complaint that the amount awarded is the result of passion or prejudice on the part of the trial court. It cannot be said that such an award, under the evidence, is shocking to the conscience of the members of this court. (*Johnston* v. *Long,* 30 Cal.2d 54 [181 P.2d 645]; *Burr* v. *Goss,* 91 Cal.App.2d 351, 357 [205 P.2d 61].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.