[Civ. No. 4285. Fourth Dist. July 22, 1952.]

SARAH PENESKI et al., Appellants, v. EARLINE LED-FORD, Respondent.

Arthur F. H. Wright and David S. Casey for Appellants.

Luce, Forward, Kunzel & Scripps for Respondent.

MUSSELL, J.—Plaintiffs appeal from a judgment entered in favor of defendant in an action for damages for personal injuries received in an automobile accident. The collision occurred at the intersection of Hermosa and Anita Streets, public highways in the county of San Diego. Both streets are surfaced with oil and gravel and at the time of the accident there were no stop signs at the intersection and neither street was divided by a marked center line. Hermosa Street is 21 feet wide and extends north and south and Anita Street is 15 feet in width and runs east and west. The point of impact was established as approximately 3 feet south of the north edge of Anita Street and 12 feet west of the east curb line of Hermosa Street.

Plaintiffs were traveling south on Hermosa Street in a 1937 Chevrolet automobile, being driven by a Mr. Flaskerud, when the car struck the right rear fender of a 1946 Plymouth sedan then being driven by the defendant Earline Ledford

in a westerly direction across the intersection. Following the collision, the Ledford car skidded broadside, overturned and came to a rest off the highway approximately 100 feet west of the point of impact.

Mrs. Ledford testified that she first observed the Flaskerud automobile when it was about 75 feet from the intersection; that she was then approximately 40 feet from the intersection and proceeding west at an approximate speed of 25 miles per hour; that just as she entered the intersection, she observed the Flaskerud automobile approximately 30 feet north of the intersection; that during the time the Flaskerud car was in her vision, its speed was not reduced; that after entering the intersection and when she was about at the center of it, she saw that the Flaskerud car was coming too fast and that she then increased the speed of her car.

There was evidence introduced that the Flaskerud car was being driven at a rate of speed of 40 miles per hour when approximately 100 feet from the intersection and that the driver (Mr. Flaskerud) admitted that he was traveling 30 miles per hour at the time of the collision.

The cause was tried by the court without a jury and the only contentions presented by the appellants are (1) That the findings of fact are contrary to and unsupported by the evidence; and (2) That the concurrent negligence of the defendant was conclusively shown by her own testimony. These contentions are untenable.

The general rule by which we must be governed is stated in *Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557], as follows:

"As has so frequently been said, it is the general rule that on appeal an appellate court (1) will view the evidence in the light most favorable to the respondent; (2) will not weigh the evidence; (3) will indulge all intendments and reasonable inferences which favor sustaining the finding of the trier of fact; and (4) will not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof. (Citing cases.) It is not the province of the reviewing court to analyze conflicts in the evidence. (*Berger* v. *Steiner,* 72 Cal.App.2d 208, 213 [164 P.2d 559].) Rather, when a finding of fact is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence contradicted or uncontradicted, which will uphold the disputed finding. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)"

The trial court found, in effect, that the defendant, Earline Ledford, was not guilty of negligence which contributed proximately to the occurrence of the collision and entered judgment accordingly. This finding is supported by substantial evidence and the reasonable inferences to be drawn therefrom. Whether the defendant was negligent and whether her negligence, if any, was a proximate or concurring cause of the accident, under the circumstances presented, were questions of fact for the trial court.

The evidence supports a reasonable inference that the defendant entered the intersection first and at that time the Flaskerud car was some 30 feet north of it. It cannot be said as a matter of law that the defendant was negligent in then attempting to cross the intersection. Under the circumstances the trial court could and did find that the defendant was not negligent in proceeding across Hermosa Street. The evidence indicates that she slowed down from a speed of 25 miles per hour when entering the intersection. Then realizing that the other car was coming too fast; that Mr. Flaskerud was not going to slow down and that she was in a position of danger, she increased the speed of her car in an attempt to avoid a collision. Whether she acted as a reasonable and prudent person would have acted under the circumstances, was a question of fact for the trial court to decide. (*Almanerz* v. *San Diego Electric Ry. Co.*, 15 Cal.App.2d 423, 426 [59 P.2d 513].) If the defendant had continued to slow down after observing that the speed of the other car was not being decreased, it is quite probable that the Flaskerud car would have struck her automobile broadside, with much more serious consequences. The evidence was sufficient to support the findings and judgment.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.