[Civ. No. 19544.   Second Dist., Div. Three.   Dec. 18, 1953.]

PAUL T. SHUBERG et al., Appellants, v. ELLA MAE SCHMIDT et al., Respondents.

Slane, Mantalica & Davis and Frank Barclay for Appellants.

Crider, Runkle & Tilson, Donald E. Ruppe, Parker, Stanbury, Reese & McGee and A. P. G. Steffes for Respondents.

VALLÉE, J.—Plaintiffs appeal from an adverse judgment entered on a verdict of a jury in an action for damages for personal injuries arising out of a collision between three automobiles.

Plaintiffs' contentions are that defendants were guilty of negligence as a matter of law, and that the negligence of each was a proximate cause of the accident.

On May 11, 1951, plaintiff, Margie Shuberg, referred to as plaintiff, was a passenger in an automobile driven by Helen Billings. Plaintiff occupied the front seat next to the driver Erna Stillmaker and Edna Murdock occupied the rear seat.

The Billings car was traveling east on Arbor Vitae Street near its intersection with Florence Avenue. Mrs. Billings intended to cross Florence. Arbor Vitae intersects Florence at a right angle. Florence was 50 feet wide; Arbor Vitae,

53 feet. There was no curb on the north side of Arbor Vitae. The intersection was not controlled by stop signs or signals, except for westbound traffic on Arbor Vitae. The streets were level. The day was dry and clear. Defendants, Schmidt and Brown, were driving their respective automobiles south on Florence. The Schmidt car was in the center lane of traffic; the Brown car in the right-hand lane.

The three cars collided in the intersection. Skid marks 10 feet 4 inches long were left by the Brown car. They ended at a point 17 feet east of the west curb line of Florence and 26 feet north of the south curb line of Arbor Vitae. There were abrasions on the pavement at this point from which the jury could have inferred that this was the point of impact between the Billings and the Brown cars. There was evidence that defendants' cars were traveling from 15 to 20 miles an hour, and that the Billings car was traveling about 40 miles an hour through the intersection. There was evidence that defendants' cars entered the intersection before the Billings car.

Mrs. Stillmaker testified that the Billings car was traveling in the curb lane on Arbor Vitae; Mrs. Billings did not change the direction of her car from the time she entered the intersection until the accident took place; she did not see Mrs. Billings turn her head to the left or feel her apply the brakes, or feel the car slow down before the accident; she did not observe Mrs. Billings swerve her car either to the right or to the left. Mrs. Murdock testified she did not feel any application of the brakes before the impact. She happened to look at Mrs. Stillmaker's face and saw an odd expression on it; at no time before that had she seen Mrs. Billings turn her head to the left. She was asked, "And you did not observe then that Mrs. Billings had applied the brakes, did you?" She answered, "Nothing except when she stopped at the tracks. That is all that I remember." She further testified: "I recall I had a cigarette in my hand and had just lit it when I looked up and saw the two approaching cars southbound on Florence Avenue. I recall Mrs. Stillmaker who was riding in the back seat with me yell, 'Look out, Helen.' I do not recall whether Mrs. Billings applied her brakes before the impact because the accident happened so fast." Mrs. Billings told an investigating officer at the scene of the accident that she did not see either of the defendants' cars before the crash.

Mr. Brown testified he first saw the Billings car after his car had entered the intersection; the Billings car was then

about 25 feet back from the intersection, "somewhere around there"; he swerved to his left and applied his brakes; his car was nearly stopped when it was struck by the Billings car. When the Schmidt car was about 12 feet in the intersection, Mrs. Schmidt saw that the Billings car was not going to stop. Mrs. Schmidt testified she then went for her brakes and her horn, applied her brakes, and the Billings car hit her car.

Section 550(a) of the Vehicle Code reads: "The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway."

We think it is obvious that it cannot be said as a matter of law that either defendant was negligent. The evidence warrants the inference that the defendants entered the intersection first and that at that time the Billings car was at least 25 feet away. We cannot say that defendants were negligent in then attempting to proceed through the intersection. Defendants slowed down to about 15 miles an hour on entering the intersection. Even though their failure to see the Billings car sooner, could have been found to be a negligent omission, whether they acted as reasonable and prudent persons would have acted under the circumstances was a question of fact for the jury to decide. (*Peneski* v. *Ledford,* 112 Cal.App.2d 371 [246 P.2d 109].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.