[Civ. No. 5611.   Fourth Dist.   Feb. 17, 1958.]

BUSTER MASON, Respondent, v. JOSEPH R. OCHINERO
et al., Appellants.

Hays & Hays and James N. Hays for Appellants.

Hansen, McCormick, Barstow & Sheppard and William B. Boone for Respondent.

GRIFFIN, J.—Plaintiff and respondent driver sought damages against defendants and appellants for personal injury and property damage resulting from a collision between two pick-up trucks.   Defendant and appellant driver Mijach was driving one owned by defendant and appellant Ochinero. Defendants denied any negligence and alleged plaintiff was

guilty of contributory negligence. They also filed a cross-complaint against plaintiff for personal injury and damages. A jury verdict resulted in a judgment for plaintiff in the sum of $7,000, which also found against defendants on their cross-complaint. On this appeal defendants contend that there was not sufficient evidence of their negligence to support the verdict and judgment, and that plaintiff was guilty of contributory negligence as a matter of law

The accident occurred on January 27, 1955, about 12:30 p. m. where Mountain View (running east and west) and Walnut Avenue (running north and south) intersect in Fresno County. At this intersection there is a "jog" in Walnut Avenue to the extent the westerly edge of Walnut, north of Mountain View, is virtually in line with the easterly edge of Walnut, south of the intersection. There were no traffic signs or signals and the view of the intersection was unobstructed except for grape vines near the northeast corner. Plaintiff was proceeding south on Walnut. Defendant was traveling east on Mountain View. According to plaintiff, he approached the intersection at about 20 to 25 miles per hour, reduced his speed to 15 miles as he reached it, and while crossing through the intersection. There was some corroboration of this testimony by one other witness. Plaintiff stated he looked in both directions on Mountain View, saw defendants' car to his right (west) about 250 feet away and then started to cross the intersection; that as he crossed the center line he saw defendants' vehicle "right on him"; that it struck his truck on its right side after plaintiff's truck was south of the center line of Mountain View; that he (plaintiff) was "coming over onto" his right side of the road all of the time and did not get over to the left side until the defendants' truck hit him. There were some discrepancies between the plaintiff's testimony and other statements made in his deposition and to the officers.

Defendant Mijach testified he was traveling about 50 miles per hour while approaching the intersection (others placed it at 55 miles per hour); that he had slowed to 40 miles per hour at the time of the impact; and that it appeared to him plaintiff was going to stop to let him go by but instead plaintiff speeded up again and attempted to go in front of him. Broken skid marks showed for approximately 94 feet up to the point of impact. Likewise, there was testimony that the point of impact was about 10 feet south of the center line of Mountain View and six feet east of the center line of Walnut Avenue,

that plaintiff did not give a signal of any intended turn, and that plaintiff's truck had been traveling in the easterly one-half of Walnut Avenue. The "jog" in the street and other factors may account for part of this testimony. The evidence that plaintiff intended to make a left-hand turn at the intersection was not very conclusive. Defendant Mijach said although he saw plaintiff's truck when it was about 100 feet from the intersection he could not estimate plaintiff's speed at any time. He also gave different versions of the accident on different occasions.

It is argued by defendants that from this evidence it conclusively shows plaintiff's testimony to be of no value since it was impeached by other testimony, and that although it may appear that plaintiff's truck entered the intersection first, plaintiff did so blindly and did not use due care for his own safety. They rely on such authority as *Huetter* v. *Andrews*, 91 Cal.App.2d 142, 145 [204 P.2d 655]; *Isaacs* v. *City & County of San Francisco*, 73 Cal.App.2d 621, 628 [167 P.2d 221]; and sections 540, subdivision (b), 544, and 551 of the Vehicle Code.

■ It appears to us that there was sufficient evidence, though conflicting, to submit the question of defendants' negligence and the question of plaintiff's alleged contributory negligence to the jury. Its determination was reexamined by the trial court on a motion for a new trial. The evidence does not show contributory negligence of the plaintiff as a matter of law. (*Fresno City Lines, Inc.* v. *Herman*, 97 Cal. App.2d 366, 368 [217 P.2d 987]; *Gilkey* v. *Crow-Harr Lumber Co.*, 103 Cal.App.2d 150, 152 [229 P.2d 3]; *Bramble* v. *McEwan*, 40 Cal.App.2d 400 [104 P.2d 1054].)

■ An appellate court will review the evidence in the light most favorable to the respondent, will not weigh the evidence, will indulge all intendments and reasonable inferences which favor the sustaining of the trier of the facts, and will not disturb its finding if there is substantial evidence in the record to support it. It is not the province of the reviewing court to analyze conflicts in the evidence. (*Peneski* v. *Ledford*, 112 Cal.App.2d 371, 372 [246 P.2d 109].) The evidence produced by plaintiff, if believed by the jury, was sufficient to show negligence on the part of defendants.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.